■ JOSEPH M. GOLIGER, Appellant, v EXXON CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered January 27, 1981 in Ulster County, which, *inter alia,* granted defendants' motion and ordered that the calendar default taken against defendants be opened and set aside. On January 22, 1981, the Administrative Judge of the Third Judicial District, acting pursuant to 22 NYCRR 839.4 (b) (3), signed an order which directed: (1) that the calendar default taken against defendants be opened and set aside; (2) that any judgment which may have been rendered pursuant thereto be set aside and voided; (3) that defendants have a right to a physical examination prior to the trial or during the trial, at the Trial Justice's discretion; and (4) that as a condition to the foregoing, defendants pay to the attorney for plaintiff, on or before January 29, 1981, the sum of $1,500 for his legal services rendered on the three days spent at the inquest. This litigation arose out of a single-car highway accident. Plaintiff, riding in a vehicle owned by him, was injured when his vehicle lost a wheel and overturned. The matter had been set to be tried on a day certain, November 12, 1980. On that day, defendants' attorney presented an affirmation, through local counsel, requesting a further postponement because of his actual engagement in a trial in Federal court since November 5 and which was expected to continue through November 14, 1980. The Calendar Justice denied the request and ordered the case to proceed to trial in counsel's absence. Plaintiff then submitted proof before the court without a jury and was awarded total damages in the sum of $66,785. Plaintiff contends on this appeal that the Administrative Judge improperly opened the default because defendants failed to furnish the court with an affidavit of merit, and presented no adequate excuse for failing to proceed to trial after the case had been set down for trial on a day certain on the Standards and Goals Calendar in violation of the calendar rules of the Supreme Court in Ulster County. There should be an affirmance. Defendants timely moved to set aside the order of default and inquest directed by the Calendar Justice by motion made to the Administrative Judge pursuant to 22 NYCRR 839.4 (b). The Administrative Judge was authorized by this rule to grant the relief requested and no abuse of that discretion has been shown. The inability of defendants' trial counsel to appear was excusable in the factual situation presented here. Defendants seek to have the amount of the legal fees ordered to be paid to plaintiff's counsel as a condition for vacating the default reduced or eliminated. However, since defendants filed no appeal from the order of the Administrative Judge the relief requested cannot be granted in their favor. On the basis of certain papers submitted in an "Appendix Record on Appeal", defendants also seek to have an appeal from an order of Special Term entered October 31, 1980 determined at this time. While it appears that the appeal from this order was timely taken, the briefs and record were not thereafter filed within the one-year period specified by the rules of this court (22 NYCRR 800.12). The rules provide that

such an appeal be deemed abandoned and require the appellant to move on notice for an order directing the clerk of the court to receive the late briefs and record for filing. Defendants have not complied with this requirement and, therefore, the appeal from the order entered October 31, 1980 is not properly before us for review. Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.